IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JORDAN CHISHOLM,<br><br>                        Plaintiff,<br><br>                    - v -<br><br>OHANA GROWTH PARTNERS, LLC,<br>D/B/A PLANET FITNESS,<br><br>                        Defendant. | Civil Action No.:<br>1:24-cv-01924-SAG |

**OHANA GROWTH PARTNERS, LLC'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT**

      Jordan Chisholm was terminated from his Planet Fitness trainer position on December 21, 2023. He now asserts claims for interference and retaliation under the Family and Medical Leave Act against his former employer. He claims that he missed work in late November 2023 in order "to leave the state of Maryland and take care of his family member" and that he "took off to care for his family member between December 13 to December 20."

      These allegations are demonstrably false. But the Court need not delve into the actual facts because Mr. Chisholm's complaint must be dismissed for a much more fundamental reason: it fails to plead any facts showing that Mr. Chisholm was entitled to FMLA leave. Because entitlement to FMLA leave is a prerequisite to a viable FMLA interference or retaliation claim, and because the complaint fails to plead any facts showing that Mr. Chisholm was entitled to FMLA leave, it must be dismissed.

**Facts Alleged in the Complaint[1]**

Ohana Growth Partners, LLC allegedly owns and operates 75 Planet Fitness health clubs, including one located in Perry Hall, Maryland. ECF No. 1 at ¶¶ 5, 7. Mr. Chisholm was hired as a fitness trainer at the Perry Hall location starting December 2, 2022. *Id.* at ¶¶ 6-7. Mary Gen Mittermeier is the General Manager of the Perry Hall location and was Mr. Chisholm's supervisor. *Id.* at ¶ 7.[2]

Mr. Chisholm alleges that, "in or around the last week of November 2023, Chisholm informed Mettimier about his need to leave the state of Maryland and take care of his family member" who "was on his last stage of chemotherapy due to brain cancer" and for whom "burial was imminent." *Id.* at ¶ 8. He alleges that this time off was approved. *Id.*

Mr. Chisholm alleges that he then informed Ms. Mittermeier on December 3, 2023 "that he needed to take off to make 'arrangements' for the terminally ill family member," and that he then requested December 5 "off because of the emotional and mental strain with his family member." *Id.* at ¶¶ 9-10. Mr. Chisholm further alleges that he "took off to care for his family member between December 13 to December 20." *Id.* at ¶ 11.

Mr. Chisholm alleges that on December 18, Ms. Mittermeier asked him if he was coming to work, and that he replied "he was not going to be able to come in." *Id*. He alleges that the following day, December 19, Ms. Mittermeier again asked when he was coming back to work and told him he could not be "missing all of these days," and that he responded that he could not

---

[1] As it must, for purposes of this motion to dismiss only, Ohana is assuming the factual allegations as true. *See, e.g., Zambali v. Rogers*, No. 23-cv-3194, 2024 U.S. Dist. LEXIS 111183, at *6 (D. Md. June 25, 2024) (Gallagher, J.) ("In reviewing a Rule 12(b)(6) motion, a court 'must accept as true all of the factual allegations contained in the complaint'" (citation omitted)). If the complaint survives this motion, Ohana will demonstrate that the facts are demonstrably false, as shown in a Rule 11 letter sent to Mr. Chisholm's counsel on July 8, 2024.

[2] Mr. Chisholm's complaint misspells Ms. Mittermeier's name.

-2-

come in because he "was taking care of his ill family member." *Id.* at ¶ 12. He was terminated on December 21, 2023. *Id.* at ¶ 13.

## Applicable Standard of Review

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "[t]he complaint must not only allege but also 'show' the Plaintiff is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Factual allegations that are simply "labels and conclusions, and a formulaic recitation of the elements of a cause of action," or "naked assertion[s] devoid of further factual enhancement" will not suffice. *Id.* (cleaned up).

Courts cannot accept legal conclusions couched as factual allegations nor may the court "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (citation omitted). Instead, the factual allegations must "be enough to raise a right to relief above the speculative level," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and must be sufficient to "permit the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## Argument

"Under the FMLA, an 'eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period . . . [i]n order to care for . . . a son, daughter, or parent, of the employee, if such . . . son, daughter, or parent has a serious health condition.'" *Richardson v. Univ. of Md. Shore Reg'l Health, Inc.*, No. 1:21-cv-00669, 2021 U.S. Dist. LEXIS 244181, at *22 (D. Md. Dec. 22, 2021) (Gallagher, J.) (citation omitted). "The FMLA creates two types of claims: '(1) "interference," in which the employee alleges that an employer denied or interfered with her substantive rights under the FMLA, and (2) "retaliation," in which the employee alleges

that the employer discriminated against her for exercising her FMLA rights.'" *Id.* (citations omitted).

"[T]o establish a claim for [FMLA] interference, a plaintiff must show: '(1) he was an eligible employee; (2) his employer was covered by the statute; (3) he was entitled to leave under the FMLA; (4) he gave his employer adequate notice of his intention to take leave; and (5) the employer denied him FMLA benefits to which he was entitled.'" *Yampierre v. Balt. Police Dep't*, No. 21-cv-1209, 2023 U.S. Dist. LEXIS 164656, at *115 (D. Md. Sept. 15, 2023) (citation omitted; cleaned up). "To establish an FMLA retaliation claim, a plaintiff must show that (1) [he] engaged in protected activity; (2) his employer took adverse action against him; and (3) the adverse action was causally connected to the plaintiff's protected activity." *Id.* (multiple citations omitted; cleaned up).

FMLA interference and retaliation claims both require a plaintiff to plead facts showing, *inter alia*, that he was eligible for or entitled to FMLA leave. *See, e.g., Westbrooks v. Baltimore Cty.*, No. 18-cv-7777, 2019 U.S. Dist. LEXIS 14067, at *18 (D. Md. Aug. 20, 2019) (Gallagher, J.) (holding an FMLA interference claim requires a plaintiff to show he was an eligible employee who was entitled to FMLA leave); *Mattison v. Md. Transit Admin.*, No. 21-cv-168, 2021 U.S. Dist. LEXIS 190244, at *14 (D. Md. Oct. 1, 2021) ("To bring a retaliation claim under the FMLA, a plaintiff must also allege that he was eligible for FMLA leave").

This means, at a minimum, a plaintiff must plead facts showing: (1) he worked for his employer at least 12 months; (2) he worked at least 1,250 hours over the past 12 months; (3) he worked at a location where the company employs 50 or more employees within 75 miles; (4) he needed leave to care for his spouse, son, daughter, or parent; (5) because such spouse, son, daughter, or parent had a "serious health condition" as defined by the law; and (6) he gave his

employer adequate notice of his intention to take leave. *See* 29 U.S.C. § 2611(2)(A); § 2611(A)(4); § 2611(A)(11); 29 U.S.C. § 2612(a)(1); 29 CFR § 825.302; 29 CFR § 825.303.

The complaint here pleads *none* of these essential facts. It states only that Mr. Chisholm took time off during the last week of November and from December 13-20, 2023 to care for a family member, and that he took a mental health day on December 5, 2023. *See* ECF No. 1 at ¶¶ 8, 10-11. But it provides no facts showing that Mr. Chisholm was entitled to leave; that the "family member" fell within the narrow scope of persons covered by the statute; or that the alleged illness fell within the narrow definition of "serious health condition," among other defects. As such, it fails to state a claim as a matter of law. *See, e.g., Anusie-Howard v. Bd. of Educ.*, No. 12-cv-199, 2012 U.S. Dist. LEXIS 75044, at *8 (D. Md. May 30, 2012) (granting motion to dismiss complaint that failed to plead facts showing that plaintiff was eligible for FMLA leave).

## Conclusion

Because entitlement to FMLA leave is a prerequisite to a viable FMLA interference or retaliation claim, and because the complaint fails to plead any facts showing that Mr. Chisholm was entitled to FMLA leave, the Court should grant this motion and dismiss the complaint.

Dated: July 9, 2024                    Respectfully submitted,

                                                                              /s/ Amy M. Heerink
                                                                             Amy M. Heerink (Federal Bar No. 20575)
                                                                             Leslie Paul Machado (Federal Bar No. 14952)
                                                                             O'HAGAN MEYER, PLLC
                                                                             2560 Huntington Avenue, Suite 204
                                                                             Alexandria, Virginia 22303
                                                                             (703) 775-8603 (phone)
                                                                             (804) 237-0250 (facsimile)
                                                                             aheerink@ohaganmeyer.com
                                                                             lmachado@ohaganmeyer.com

*Counsel for Ohana Growth Partners, LLC
d/b/a Planet Fitness*

-6-

**Local Rule 105.6 Request for Hearing**

Pursuant to Local Rule 105.6, Ohana respectfully requests that the Court hold a hearing on this motion.

*/s/ Amy M. Heerink*
Amy M. Heerink

**Certificate of service**

I HEREBY CERTIFY that on this 9th day of July, 2024, a copy of the foregoing was filed with the Court using the CM/ECF system, which will electronically serve all counsel of record who have entered an appearance in this case.

/s/  Amy M. Heerink
Amy M. Heerink