IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **JORDAN CHISHOLM,** | |
| Plaintiff, | |
| v. | Civil No. SAG-24-1924 |
| **OHANA GROWTH PARTNERS, LLC** **d/b/a PLANET FITNESS,** | |
| Defendants. | |

## MEMORANDUM OPINION

Plaintiff Jordan Chisholm ("Plaintiff"), who is presently self-represented[1], filed this action in state court against Defendant Ohana Growth Partners, LLC d/b/a Planet Fitness ("Defendant"). Defendant removed the case to this Court and filed a Motion to Dismiss, ECF 5. Despite having been afforded an extended stay to find new counsel and having been reminded of the deadline for filing a response to the potentially dispositive motion, ECF 21, Plaintiff has not filed an opposition and the time to do so has now expired. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons stated herein, Defendants' Motion to Dismiss will be granted and this case will be dismissed without prejudice.

---

[1] Plaintiff filed this action, through counsel, in the Circuit Court for Baltimore County, Maryland. ECF 2. After the case was removed to federal court, Plaintiff's counsel withdrew from the case, citing irreconcilable differences. ECF 15. This Court stayed the proceeding for thirty days and notified Plaintiff that if no counsel entered an appearance in that time, he would proceed as self-represented. ECF 17, 18. Plaintiff sought an additional extension of that deadline, and this Court granted an additional thirty days. ECF 19, 20. The extended time has now expired and, to date, no counsel has entered an appearance.

I.   **FACTUAL BACKGROUND**

The following facts are alleged in the Complaint, ECF 2, and assumed to be true for purposes of this motion. Defendant owns and operates 75 Planet Fitness health clubs in the United States. *Id.* ¶ 5. One of its Planet Fitness locations hired Plaintiff as a fitness trainer on or about December 2, 2022. *Id.* ¶¶ 6, 7. In November 2023, Plaintiff's "immediate family member" was in the last stage of chemotherapy for brain cancer. *Id.* ¶ 8. During the last week of November, Plaintiff's general manager ("GM") approved Plaintiff's time off to leave Maryland because he needed to care for his dying family member. *Id.* On or about December 3, 2023, Plaintiff told the GM he needed to take off work to make "arrangements" for the family member, and on December 5, 2023, Plaintiff requested additional time off because of the emotional and mental strain of the family member's condition. *Id.* ¶¶ 9, 10. Between December 13 and December 20, Plaintiff took off work to care for his family member. *Id.* ¶ 11. On December 18 and December 19, the GM called Plaintiff to ask whether he was coming in. *Id.* ¶¶ 11, 12. During the conversation on the 19th, the GM stated that Chisholm cannot be "missing all these days." *Id.* ¶ 12. On December 21, 2023, the GM terminated Plaintiff's employment. *Id.* ¶ 13. This lawsuit ensued.

II.   **LEGAL STANDARD**

Under Rule 12(b)(6), a defendant may test the legal sufficiency of a complaint by way of a motion to dismiss. *See In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010), aff'd sub nom., *McBurney v. Young*, 569 U.S. 221 (2013); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted."

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Federal Rule of Civil Procedure 8(a)(2). That rule provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).

To survive a motion under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) ("Our decision in *Twombly* expounded the pleading standard for all civil actions[.]") (quotation omitted); *see also Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). However, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Further, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 11 (2014) (per curiam).

Nevertheless, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if … [the] actual proof of those facts is improbable and … recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556.

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440

(4th Cir. 2011) (citations omitted); *see Semenova v. MTA*, 845 F.3d 564, 567 (4th Cir. 2017); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015); *Kendall v. Balcerzak*, 650 F.3d 515, 522 (4th Cir. 2011), cert. denied, 565 U.S. 943 (2011). However, a court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011), cert. denied, 566 U.S. 937 (2012).[2]

### III.   ANALYSIS

Plaintiff's Complaint alleges interference and retaliation under the Family Medical Leave Act ("FMLA"). ECF 2 at 3. The Complaint, however, does not contain sufficient factual allegations to plausibly state a claim for either cause of action.

To state an FMLA interference claim, "an employee must [ ] demonstrate that (1) he is entitled to an FMLA benefit; (2) his employer interfered with the provision of that benefit; and (3) that interference caused harm." *Adams v. Anne Arundel Cnty. Pub. Sch.*, 789 F.3d 422, 427 (4th Cir. 2015). And because retaliation claims brought under the FMLA are analogous to those brought under Title VII, *Laing v. Federal Express Corp.*, 703 F.3d 713, 717 (4th Cir.2013), an employee seeking to state an FMLA retaliation claim must establish, in relevant part, that he engaged in an FMLA-protected activity. *See Boyer–Liberto v. Fontainebleau Corp.*, 786 F.3d 264, 281 (4th Cir.2015) (setting forth elements for Title VII retaliation claims).

---

[2] While courts must liberally construe filings by self-represented litigants, the Complaint in this case was filed by Plaintiff's then-counsel and is not subject to that standard. Even construed liberally, however, the Complaint would be factually deficient.

To be eligible for FMLA leave, a plaintiff must have (1) worked for his employer at least 12 months; (2) worked at least 1,250 hours over the past 12 months; (3) worked at a location where the company employs 50 or more employees within 75 miles; (4) needed leave to care for a spouse, child, or parent; (5) proved that the spouse, child, or parent had a "serious health condition" as defined by the FMLA; and (6) given his employer adequate notice of his intention to take leave. *See* 29 U.S.C. §§ 2611(2)(A), 2611(4)(A), 2611(11)(A); 29 U.S.C. § 2612(a)(1); 29 CFR § 825.302; 29 CFR § 825.303.

Plaintiff's Complaint, even taken in the light most favorable to Plaintiff, does not allege any facts regarding the number of employees working for the Defendant within 75 miles of Perry Hall, Maryland, the number of hours Plaintiff worked at Planet Fitness, or the identity of the "immediate family member" suffering from the alleged illness. It also does not describe the notice given to his employer of his intention to take leave from December 13 to December 20. *See* ECF 2 ¶¶ 11, 12. (simply stating that Plaintiff "took off" to care for the family member and that the GM called on two of those dates to check whether Plaintiff would be coming to work). As a result of those patent deficiencies, this Court cannot find that Plaintiff has alleged a plausible FMLA claim. Plaintiff's claims must be dismissed without prejudice.

For the reasons set forth above, Defendants' unopposed Motion to Dismiss, ECF 5, will be granted. This case will be closed, subject to reopening should Plaintiff file an appropriate motion for leave to amend, attaching a proposed amended complaint, within sixty days. A separate Order follows.

Dated: November 18, 2024                           /s/
                                                   Stephanie A. Gallagher
                                                   United States District Judge